PER CURIAM.
The appellants Edward Earl Jones and Eddie Lee Daniels were indicted for rape, tried together before a jury, and convicted and adjudged guilty of attempted rape. Each appealed.
In appeal No. 68-252, Jones contends the trial court erred in denying his motion to suppress a statement given by him to the police following his arrest, urging as a ground for its incompetency that his waiver of the right to have counsel present at the time of his interrogation was not a “knowledgeable and intelligent waiver”. The record refutes that contention of the appellant Jones. The officers meticulously warned and advised him of his rights, as outlined in Miranda. In fact, the record discloses he was so advised four times. The contention of the appellant Jones is that his statement should be rejected because the waiver in written form of his right to counsel at the time of his interrogation did not contain the statement that he was charged with rape. However, the record shows he was advised by the arresting officers that he was being arrested on a charge of rape, which is the crime for which he was later indicted and tried. Finding no reversible error we affirm the judgment appealed by Jones under .case No. 68-252.
On the appeal filed by Daniels, No. 68-284, the sole contention is that the court was in error in denying the motion of Daniels’s attorney for a mistrial following a statement made at trial by the prosecutor, which statement followed objection of defendants to a question propounded by the prosecutor. The latter’s statement was: “I cannot understand why they do not want his [the witness’s] answer”. No full discussion of this point appears required here. Our examination of the record leads us to the conclusion that in the context of the trial, as disclosed by the record, the remark was not prejudicial and no harmful error resulted from the court’s denial of the defendant’s motion for mistrial. Whereupon, the judgment appealed from by Daniels in case No. 68-284 likewise is affirmed.
Affirmed.